STATE OF MINNESOTA                                   DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

                                                                    Case Type: Civil Rights

| | |
|---|---|
| Samantha Wright,<br>                         Plaintiff,<br>   vs.<br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, in his official capacity; Minneapolis Police Lieutenant Robert Kroll, in his official capacity; Minnesota Department of Public Safety Commissioner John Harrington, in his official capacity; Minnesota State Patrol Colonel Matthew Langer, in his official capacity; and John Does 1-4, in their official and individual capacities,<br>                        Defendants. | **Civil File No.** _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Samantha Wright, the plaintiff in this case, will have permanent eye damage because law enforcement officers – the individual defendants – shot her with so-called "less lethal" projectiles during the George Floyd demonstrations in Minneapolis.

2. In the early morning hours of Saturday, May 30, 2020, Ms. Wright was a member of the protesting crowd near Lake Street and Nicollet Avenue in Minneapolis.  She was not rioting, looting, or starting fires.

3. Yet law enforcement officers gratuitously struck her several times with "less lethal" projectiles, the last of which struck her left eye.

4. At issue in this case is Ms. Wright's irreparable injury and what orders were given to the law enforcement officers who targeted Ms. Wright and other protesters.

## PARTIES

5. Plaintiff Samantha Wright is a resident of Minneapolis, Minnesota.
6. Defendant City of Minneapolis is a municipality incorporated in the State of Minnesota.
7. Defendant Medaria Arradondo is a resident of Minnesota. Arradondo serves as the Chief of Police for the Minneapolis Police Department.
8. Defendant Robert Kroll is a resident of Minnesota. Kroll serves as the Lieutenant of the Minneapolis Police Department and the president of the Minneapolis Police Federation.
9. Defendant John Harrington is a resident of Minnesota. Harrington serves as the Minnesota Commissioner of Public Safety with supervisory responsibility over Colonel Matthew Langer and the Minnesota State Patrol.
10. Defendant Colonel Matthew Langer is a resident of Minnesota. Langer commands the Minnesota State Patrol.
11. Defendants John Does are unidentified individuals who committed the acts set forth below, including as agents of Defendants City of Minneapolis and the Minnesota State Patrol. Plaintiff is suing them in their official and individual capacities.
12. The City of Minneapolis, Minneapolis Chief of Police Medaria Arradondo, Minneapolis Police Lieutenant Robert Kroll, Minnesota Department of Public Safety Commissioner John Harrington, and Minnesota State Patrol Colonel Matthew Langer acting in their official capacities are collectively referred to as "State and Municipal

Defendants." "Defendants" includes the State and Municipal Defendants as well as John Does 1-4 in their individual and official capacities.

## JURISDICTION

13. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction over this matter pursuant to Minn. Stat. § 484.01 *et seq*. Venue lies properly in Hennepin County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq.*, as the events giving rise to this action occurred in Hennepin County.

## BACKGROUND

14. As tensions escalated in Minneapolis related to the murder of George Floyd by Minneapolis police officers, the Minneapolis Police Department and Minnesota State Patrol did not hesitate to respond by attacking protesters through arrests the deployment of tear gas and "less-lethal" projectiles. When doing so, they did not provide warnings.

15. On May 26, 2020 – approximately three days before Plaintiff suffered permanent eye damage due to a projectile – in widely-publicized incidents, Minneapolis police officers shot projectiles at demonstrators during protests in Minneapolis.[1]

16. The City of Minneapolis and supervisory officials at its police department were on notice of these pre-existing violations of protesters' constitutional rights before Plaintiff was gratuitously shot with

---

[1] *See*, *e.g.*, Evan Frost (@efrostee), Twitter, May 26, 2020, https://twitter.com/efrostee/status/1265445016710918148?s=20 (stun grenades), https://twitter.com/efrostee/status/1265446286297305090?s=20 (tear gas).

3

projectiles, in time to have prevented it from happening through appropriate supervision and training.

17. On May 27, 2020 – approximately two days before Plaintiff suffered permanent eye damage due to a projectile – in widely-publicized incidents, Minneapolis police officers again shot projectiles at demonstrators during protests in Minneapolis.[2]

18. The City of Minneapolis and supervisory officials at its police department were on notice of these pre-existing violations of people's constitutional rights before Plaintiff was gratuitously shot with projectiles, in time to have prevented it from happening through appropriate supervision and training.

## MS. WRIGHT'S INJURIES

19. Being shot in the eye with a projectile has permanently altered Ms. Wright's life.

20. Ms. Wright's left eye orbital socket was shattered and she had to get stitches on her eyebrow.

21. Ms. Wright had bleeding in her eyeball, increased pressure, and her pupil will now stay dilated permanently.

22. Ms. Wright will need surgery very soon to have a metal plate inserted in her face.

23. As Ms. Wright must continue to heal and learn to adapt to a new way of life, she does not anticipate returning to anything approaching her

---

[2] *See, e.g.*, Evan Frost (@efrostee), Twitter, May 27, 2020, https://twitter.com/efrostee/status/1265795992521228293?s=20 (stun grenades and tear gas), https://twitter.com/efrostee/status/1265817035881275396?s=20 (chemical irritant, stun grenades, and deterrent rounds), https://twitter.com/efrostee/status/1265815103561240582?s=20 (tear gas).

4

usual work life for at least three months from the date the injury occurred.

## FIRST CAUSE OF ACTION

### *Retaliatory Use of Force in Violation of 42 U.S.C. § 1983 and the First and Fourteenth Amendments*

24. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

25. Plaintiff was attempting to exercise her First Amendment rights to free speech and the right to peacefully assemble.

26. Defendants repeatedly used excessive force against Plaintiff in retaliation for her attempt to exercise her First Amendment rights.

27. Defendants lacked probable cause to use such force against Plaintiff.

28. Defendants' retaliatory use of force violated Plaintiff's constitutional rights.

29. Defendants acted under color of law. Defendants acted with deliberate indifference to the constitutional rights of protesters as evidenced by the recurring use of excessive force against them, both during and before the George Floyd protests.[3]

---

[3] *See, e.g.*, Liz Sawyer and Libor Jany, *Complaints skyrocket over police response to George Floyd protests*, Star Tribune, July 2, 2020, https://www.startribune.com/complaints-skyrocketing-in-wake-of-mpls-police-response-to-floyd-protests/571608232/ ("Some of the criticism leveled at the [Minneapolis Police Department] echoed complaints made after the 18-day occupation of the Fourth Precinct police station that followed the 2015 killing of Jamar Clark. A federal after-action report found numerous instances in which officers used 'less-lethal and nonlethal weapons' on protesters during the occupation, in clear violation of department policies, and often failed to document their actions. Federal officials also recommended that the department 'strengthen, train on, adhere to and enforce the use of force policy . . . .'").

30. State and Municipal Defendants have a custom and practice of targeting protesters with the retaliatory use of force, such as firing "less-lethal" projectiles and tear gas while at close range. A pre-existing pattern of such violations put State and Municipal Defendants on notice that a course of training or supervision was deficient in a particular respect.

31. The State and Municipal Defendants failed to supervise, train, and correct this wrongful conduct. This custom and practice was the moving force behind the constitutional violations.

32. This custom and practice evidences State and Municipal Defendants' deliberate indifference to the violations of the constitutional rights of protesters.

33. Defendants' unlawful retaliatory use of force was willful and recklessly indifferent to the constitutional rights of Plaintiff as evidenced by the repeated violations of the constitutional rights of Plaintiff and protesters.

34. Plaintiff suffered a permanent physical injury as a direct and proximate result of Defendants' violations of her First Amendment rights.

35. Defendants are jointly and severally liable to Plaintiff.

## SECOND CAUSE OF ACTION

### *Excessive Force in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

36. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

6

37. Defendants' use of the aforementioned tactics against nonviolent protesters, such as firing "less-lethal" projectiles, violated Plaintiff's Fourth Amendment rights.

38. Plaintiff was not posing a threat to the safety of Defendants or others, had not committed any severe or violent crime, and was neither actively resisting arrest nor attempting to evade arrest by flight. In light of the relationship between the need, if any, for the use of force to the amount of force used, (1) the extent of the injuries to Plaintiff, (2) the inadequacy of the efforts, if any, by Defendants to temper or limit the amount of force used against protesters, (3) the absence of a security problem posed by Plaintiff, (4) the absence of conduct from Plaintiff that was capable of being reasonably perceived by Defendants as a threat, and (5) the absence of efforts by Defendants to arrest Plaintiff met with active resistance, the Defendants' use of excessive force against Plaintiff was objectively unreasonable.

39. Defendants acted under color of law.

40. Defendants' actions constituted an unlawful seizure in violation of Plaintiff's Fourth Amendment rights.

41. The State and Municipal Defendants have a custom and practice of targeting protesters, such as the people who attended the George Floyd protests, by using excessive force (including "less-lethal projectiles) without justification or warning. State and Municipal Defendants failed to supervise, train, and correct the use of objectively unreasonable force against protesters even after reports of this violative conduct circulated. A pre-existing pattern of such violations put State and Municipal Defendants on notice that a course of training or supervision was deficient in a particular respect. The State and

Municipal Defendants failed to supervise, train, and correct this wrongful conduct. This custom and practice was the moving force behind the constitutional violations.

42. The recurring unlawful seizures and use of excessive force against protesters attending the George Floyd protests evidences that the Defendants acted with deliberate indifference to the constitutional rights of Plaintiff. Defendants' failure to train, supervise, or discipline regarding protesters' Fourth Amendment rights, even after the constitutional violations came to light, also evidences the deliberate indifference of the State and Municipal Defendants described above.

43. Defendants violated Plaintiff's Fourth Amendment rights by shooting less-lethal projectiles at Plaintiff, without forewarning, while Plaintiff attended a George Floyd protest.

44. Defendants willfully engaged in this unconstitutional conduct.

45. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered a permanent physical injury.

## THIRD CAUSE OF ACTION

### *Civil Conspiracy in Violation of 42 U.S.C. § 1983*

46. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

47. Defendants conspired, under color of law, to deprive Plaintiff of her First and Fourth Amendment rights.

48. Defendants acted in concert and committed overt acts in furtherance of the conspiracy. Defendants targeted protesters and repeatedly used excessive force to interfere with their attempts to exercise constitutionally protected rights.

49. Defendants did, in fact, violate Plaintiff's First and Fourth Amendment rights by using excessive force in retaliation for her attempt to exercise First Amendment rights.

50. Defendants acted with deliberate indifference to the constitutional rights of Plaintiff as evidenced by the recurring constitutional violations by law enforcement against her and other protesters.

51. Plaintiff suffered a permanent physical injury as a direct and proximate result of Defendants' conspiracy to violate her constitutional rights.

## FOURTH CAUSE OF ACTION
### *State Law Claim – Assault*

52. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

53. Defendants' use of excessive, unprovoked, and unreasonable force to prevent Plaintiff from attempting to exercise her constitutional rights was intended to cause imminent harmful and offensive contact.

54. Plaintiff had a reasonable apprehension and fear that law enforcement firing "less lethal" projectiles would and did occur.

55. Defendants had the apparent ability to cause Plaintiff harm.

56. Defendants' actions were unlawful and unjustified.

57. As a direct and proximate result of these actions, Plaintiff suffered a permanent physical injury.

## FIFTH CAUSE OF ACTION
### *State Law Claim – Battery*

58. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

59. Defendants intentionally caused harmful or offensive contact with Plaintiff by using excessive force to prevent Plaintiff from attempting to exercise her constitutional rights. Defendants fired "less-lethal" projectiles, causing permanent damage to Plaintiff's left eye.
60. As a direct and proximate result of Defendants' actions, Plaintiff suffered a permanent physical injury.

## REQUEST FOR RELIEF

Plaintiff requests relief as follows:

1. A declaration that Defendants' use of excessive force against Plaintiff violated the First and Fourth Amendments;
2. Damages compensating Plaintiff for her injuries against all Defendants, jointly and severally;
3. Punitive damages;
4. Prejudgment interest;
5. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
6. Such other further relief as this Court may deem just and proper.

Dated: July 7, 2020

_____
Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: July 7, 2020

_____
Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com

**ATTORNEY FOR PLAINTIFF**